**UNITED STATES of America**

v.

**Loniel WILLIAMS.**

**Crim. No. 92–10167–K.**

United States District Court,
D. Massachusetts.

Sept. 22, 1992.

Ralph Boyd, Jean Kempthorne, Asst. U.S. Attys., Boston, Mass., for U.S.

Miriam Conrad, Federal Defender's Office, Boston, Mass., for Loniel Williams.

MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION BY MAGISTRATE JUDGE OF MOTION FOR DISCOVERY RE: INFORMANTS (# 29)

COLLINGS, United States Magistrate Judge.

The defendant, Loniel Williams, moves this Court to reconsider its prior ruling denying the Defendant's Motion For Discovery Re: Informants (# 16) which sought information regarding the "track records" of the two informants who provided information upon which government agents relied in obtaining a search warrant. As grounds for the instant motion, the defendant contends that facts which have come to light subsequent to the submission of the earlier motion "cast doubt on the truthfulness of the affidavit submitted in support of the search warrant application." (# 29 at p. 1) The government opposes the defendant's motion for reconsideration. (# 31)

In considering the defendant's motion, the Court is guided by Judge Pettine's decision in the case of *United States v. Brian*, 507 F.Supp. 761 (D.R.I., 1981), *aff'd sub nom, United States v. Southard*, 700 F.2d 1 (1 Cir.), *cert. denied sub nom Ferris v. United States*, 464 U.S. 823, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983). In pertinent part, that case involved requests by the defendants for the production of confidential informants and/or informant files. The confidential informants had provided information to a government agent that was used to support the existence of probable cause for the issuance of wire intercept orders.

In the *Brian* case, the informants were unidentified. The Court noted that this fact distinguished *Brian* from the situation in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); in *Franks*, the individuals providing information to the affiant of a warrant affidavit were named. In the situation where the identities of the informants are not known, a conundrum arises from

> ... the fact that when an affidavit relies for its assertion of probable cause upon facts attributed to *confidential* informants, defendants have no way to obtain the very information they need to assert their entitlement to a *Franks* hearing.

*United States v. Brian, supra*, 507 F.Supp. at 765. (emphasis in original)

After weighing the competing interests of the defendants' need for the informant information in order to meet the *Franks* threshold for a hearing as against the need to protect the identities of confidential informants, Judge Pettine decided

> ... that in a case where—because the Government's affidavit relies primarily on the use of confidential informants—defendants lack the very information that *Franks* requires for a threshold showing; where defendants deny, via affidavit, specific facts attributed to them by informants; and where defendants make some minimal showing of inconsistency on the face of the government's material which supports their assertion of deliberate falsehood or reckless disregard for the truth, the Court may, and

probably should, conduct an *in camera* interview of the affiant, and, if necessary, of the informants relied upon by the Government. This requirement will insure that, in a situation where no other means are present and where it is unclear whether the Government will call its informants at trial, defendants have some measure of protection from Governmental perjury and misstatement.

*United States v. Brian, supra*, 507 F.Supp. at 766.

On appeal, the First Circuit noted that such an *in camera* interview would be a preliminary step in determining if an adversarial hearing was warranted, a procedure by which the district court could "protect the fourth amendment rights of the defendants while keeping the identity of the informants secret ..." *United States v. Southard, supra*, 700 F.2d at 11.

Returning to the case at hand, while the defendant's motion on its face seeks only information with respect to the track records of the confidential informants, the Government takes the position that the requested information may well enable the defendant to determine the identities of the informants. Indeed, the defendant requests this information in order to develop a factual basis upon which to file a *Franks* motion. Thus, as in the *Brian* case, from all that appears, the interest of protecting the identities of the confidential informants is at stake.

In these circumstances, under *Brian*, the defendant, in order to be entitled to any discovery on the issue, must:

> ... deny, via affidavit, specific facts attributed to them by informants ... [and] ... make some minimal showing of inconsistency on the face of the government's material which supports [an] assertion of deliberate falsehood or reckless disregard for the truth.

*United States v. Brian, supra*, 507 F.Supp. at 766.

The defendant's submission is insufficient to establish his right to the requested discovery. First, there is no assertion of deliberate falsehood or reckless disregard of the truth; the defendant claims only to

have "raised serious questions about the truthfulness of the affidavit." (# 29 at p. 2) Even if that allegation were adequate, the affidavit of David Pitts which has been filed in support of the motion neither negates specific facts set forth in the warrant affidavit nor demonstrates any inconsistency on the face of the government's material.

According to his affidavit, David Pitts owns the building at 56 Intervale Street in Dorchester and lives there on the first floor. Mr. Pitts rented a two-bedroom apartment on the second floor of 56 Intervale Street to the defendant, Loniel Williams.

David Pitts did not work on the 23rd and 24th of March, 1992, and claims to have been home all day, both days. He did not "notice" any visitors coming or going from Loniel Williams' apartment on either day except for a man known to him as Greg. Mr. Pitts claims that he would have noticed people entering the building because the doors are kept locked, he can hear people on the staircase up to Loniel Williams' apartment from inside his own apartment and he can hear people in Loniel Williams' apartment when he is in his own apartment. David Pitts avers that Loniel Williams was not home on March 24, 1992, and that Greg was only in the second floor apartment from 3:30 p.m. to 4:00 p.m. on March 24, 1992.

The affidavit in support of the search warrant in this case was executed on March 24, 1992. One of the confidential informants referenced in the warrant affidavit provided information about having observed individuals bagging and selling drugs out of the second floor apartment at 56 Intervale Street "within the past week." Another confidential informant purportedly bought drugs from "Lenel" as recently as within "the past 48 hours." David Pitts does not refer to this entire time period in the text of his affidavit, i.e., any time prior to March 23, 1992, thus his affidavit cannot be said to implicate the veracity of the informants' statements as related by the affiants.

The second confidential informant claimed to have been in the second floor apartment within the twenty-four hours prior to the execution of the warrant affidavit, in other words, on March 23, 1992, and to have observed drug sales at that time. The affiants of the warrant affidavit attested that they observed drug users enter the premises at 56 Intervale Street on March 24, 1992. Although David Pitts contends that he did not "notice" people entering or leaving the building on March 23 or 24, it is not alleged as a matter of fact that no such traffic did or could have occurred. Indeed, since the search pursuant to the warrant was made on March 24, 1992 at 11:55 p.m., it would appear that persons did enter the second floor apartment at 56 Intervale Street without Mr. Pitts noticing. In short, even accepting Mr. Pitts' affidavit as true, the facts as stated therein can be read consistently with those stated in the warrant affidavit. In other words, David Pitts' affidavit does not demonstrate an inconsistency on the face of the government's material.

The defendant has failed to lay a sufficient foundation to support his discovery request. Moreover, in any event, at no place does the defendant explain how the track records of the confidential informants would aid him in challenging the veracity of the affiants of the warrant affidavit in making a preliminary showing for a *Franks* hearing.

For all the reasons stated, it is ORDERED that the Motion For Reconsideration By Magistrate Judge Of Motion For Discovery RE: Informants (# 29) shall be, and the same hereby is, DENIED.